## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **Resolute FP Canada Inc.,**  <br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**United States,**<br><br>　　　　　Defendant. | Court No. 23-00095 |

## COMPLAINT

1.　Resolute FP Canada Inc. ("Plaintiff"), by and through its counsel, alleges and states as follows:

### JURISDICTION

2.　Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(1)(D) to contest the final results of the expedited first sunset review of the antidumping duty order on softwood lumber from Canada, Case No. A-122-857, issued by the International Trade Administration of the U.S. Department of Commerce. ("Commerce"). *See Certain Softwood Lumber Products from Canada: Final Results of the Expedited First Sunset Review of the Antidumping Duty Order*, 88 Fed. Reg. 20,479 (Dep't of Commerce Apr. 6, 2023) ("Final Results") and accompanying Issues and Decision Memorandum ("IDM"), dated Mar. 31, 2023.

3.　This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).

## STANDING

4.  Plaintiff is "a foreign manufacturer, producer, or exporter, or the United States importer, of {softwood lumber}," and is, therefore, an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). Plaintiff was also a party to the expedited first sunset review of the antidumping duty order on softwood lumber from Canada and timely filed a Substantive Response to the Notice of Initiation ("NOI"), a Case Brief, and a Rebuttal Brief. Plaintiff has standing pursuant to 28 U.S.C. § 2631(c) to commence this action.

## TIMELINESS OF ACTION

5.  Plaintiff commenced this action by filing with this Court a Summons and this Complaint on May 8, 2023, which is within 30 days of the publication of the Final Results.[1] Accordingly, this action was commenced within the statutory time limits specified by 19 U.S.C. § 1516a(a)(1)(D) and 28 U.S.C. § 2636(c).

## STANDARD OF REVIEW

6.  This Court reviews the Final Results under 19 U.S.C. § 1516a(b)(1)(B)(ii) ("arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law").

## STATEMENT OF FACTS

7.  Plaintiff has participated in all segments of the antidumping duty proceedings in *Softwood Lumber from Canada*, Case No. A-122-857. Plaintiff was a mandatory respondent in the investigation and first administrative review, where it received AD rates of 3.20% and 1.15%, respectively. Plaintiff requested and was

---

[1] Pursuant to CIT Rule 6(a)(1)(C), when the deadline to commence the action is a Saturday, the period continues to run until the end of the next business day.

denied mandatory or voluntary respondent status in the second administrative review and was assigned the non-examined companies' rate. Plaintiff was not selected as a mandatory nor voluntary respondent in the third and fourth administrative reviews but participated in those proceedings.

8. The Notice of Initiation of the First Sunset Review of the Antidumping Duty Order on *Softwood Lumber from Canada,* Case No. A-122-857, was published in the *Federal Register* on December 1, 2022. *See Initiation of Five-Year (Sunset) Reviews*, 87 Fed. Reg. 73,757-58 (Dep't of Commerce Dec. 1, 2022). Plaintiff timely submitted a Substantive Response on January 5, 2023, pursuant to an extension granted by Commerce on January 3, 2023. The Petitioner (the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations, or "Coalition"), filed a Substantive Response on January 3, 2023, and a Rebuttal to Plaintiff's Substantive Response on January 10, 2023. Sierra Pacific Industries ("Sierra Pacific"), a domestic producer of subject merchandise, filed a Substantive Response on January 3, 2023. West Fraser Mills Ltd. ("West Fraser"), a foreign producer and exporter of subject merchandise, filed a waiver of participation with Commerce on January 3, 2023.

9. Commerce, on January 25, 2023, informed the United States International Trade Commission ("Commission") that it had not received adequate substantive responses from respondent interested parties in A-122-857 and, hence, would conduct an expedited sunset review of the antidumping duty order on softwood lumber from Canada consistent with 19 C.F.R. § 351.218(e)(1)(ii)(C)(2).

10. On January 26, 2023, Plaintiff requested that Commerce establish a briefing schedule for the expedited sunset review pursuant to 19 C.F.R. § 351.309(c)(1)(iii). Petitioner responded to Plaintiff's request in a letter dated March 6, 2023, asking for the opportunity to file rebuttal briefs on an extended timetable. Plaintiff responded to Petitioner's letter on March 7, 2023. Commerce established a schedule on March 8, 2023 that set March 13, 2023 as the due date for case briefs and March 17, 2023 as the due date for rebuttal briefs.

11. Plaintiff, even before the establishment of a schedule, filed a case brief on March 3, 2023, asking that Commerce find that, as to Plaintiff, there is no likelihood of continuation or recurrence of dumping were the antidumping duty order to be revoked as to Plaintiff.

12. More specifically, Plaintiff requested that Commerce find that (i) new precedents at the United States Court of Appeals for the Federal Circuit ("CAFC") since the investigation, including judicial use of substantial expert literature in the field of statistical analysis, have established that Commerce's differential pricing methodology ("DPM"), including the Cohen's *d* test, for determining Plaintiff as dumping subject merchandise, is defective and its application unreasonable; (ii) because of the application of the DPM and zeroing in the antidumping duty investigation, Plaintiff was found unlawfully to be selling subject merchandise for less than fair value; (iii) the antidumping order should not have been imposed on Plaintiff; (iv) Plaintiff has demonstrated "good cause" for Commerce to consider other relevant factors in this sunset review under 19 U.S.C. § 1675a(c)(2), including a new report on the record by an expert in statistics; (v) there is no likelihood that Plaintiff

would continue or resume dumping upon revocation of the order as to Plaintiff; (vi) "extraordinary circumstances" apply for reporting to the Commission that a zero margin is likely to prevail upon revocation of the antidumping duty order as to Plaintiff; and (vii) therefore, Commerce should revoke the antidumping duty order on softwood lumber as to Plaintiff.

13. Sierra Pacific filed a case brief on March 13, 2023, and Plaintiff, Coalition, and Sierra Pacific all filed rebuttal briefs on March 17, 2023.

14. Commerce issued the Final Results on April 6, 2023. Commerce "determined that revocation of the *Order* would be likely to lead to the continuation or recurrence of dumping." 88 Fed. Reg. at 20,480. Commerce found that "the magnitude of the weighted-average dumping margin likely to prevail is up to 7.28 percent." *Id.* Commerce rejected Plaintiff's arguments that "good cause" existed to consider other relevant factors as part of the likelihood inquiry. *See* IDM at 18.

15. Commerce, in the Final Results, ignored record evidence, including an expert statistical report on the Cohen's *d* test, *see* Report by Larry Hedges, Plaintiff's Sub. Resp. to NOI, Exh. 9, and discounted the substantial body of jurisprudence questioning Commerce's departure from the statistical literature when running the Cohen's *d* test. *See, e.g., Stupp Corp. v. United States,* 5 F. 4th 1341 (Fed. Cir. 2021); *Mid Continent Steel & Wire Inc. v. United States*, 31 F. 4th 1367 (Fed. Cir. 2022) ("*Mid Continent II*"); *Mid Continent Steel & Wire, Inc. v. United States*, 940 F. 3d 662 (Fed. Cir. 2019) (*"Mid Continent I"*); *see also NEXTEEL Co., Ltd. v. United States,* 28 F. 4th 1226 (Fed. Cir. 2022); *Marmen Inc. v. United States*, 545 F. Supp. 3d 1305 (Ct. Int'l Trade 2021); *SeAH Steel Corp. v. United States,* 539 F. Supp. 3d 1341 (Ct.

Int'l Trade 2021).  Commerce never addressed Plaintiff's showing of "extraordinary circumstances" that justified reporting to the Commission a zero dumping margin in the event that the antidumping duty order was revoked as to Plaintiff.

## COUNT ONE

16. Paragraphs 1-15 are incorporated by reference.

17. Commerce's findings under 19 U.S.C. § 1675(c)(1) and § 1675a(c)(1) that there is a likelihood of continuation or recurrence of dumping with respect to Plaintiff, were arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

## COUNT TWO

18. Paragraphs 1-15 are incorporated by reference.

19. Commerce's failure to apply the "good cause" exception at 19 U.S.C. § 1675a(c)(2) and reach a negative likelihood determination as to Plaintiff based on other relevant factors, including but not limited to, expert statistical evidence and CAFC precedent, was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

## COUNT THREE

20. Paragraphs 1-15 are incorporated by reference.

21. Commerce's failure to find "extraordinary circumstances" and report a zero margin to the Commission under 19 U.S.C. § 1675a(c)(3) as to Plaintiff was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

## COUNT FOUR

22. Paragraphs 1-15 are incorporated by reference.

23. Commerce's failure to revoke the antidumping duty order on softwood lumber from Canada as to Plaintiff was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

## PRAYER FOR JUDGEMENT AND RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff;

2. Hold as unlawful Commerce's Final Results that are the subject of this Complaint;

3. Remand this proceeding to Commerce with instructions to (i) find that there is no likelihood of the continuation or recurrence of dumping as to Plaintiff; (ii) revoke the antidumping duty order on softwood lumber from Canada as to Plaintiff; and

4. Grant Plaintiff such additional relief as the Court may deem just and proper.


Respectfully,

*[signature]*

Elliot J. Feldman
Michael S. Snarr
Ronald J. Baumgarten
Tung A. Nguyen

Baker Hostetler LLP
Counsel to Resolute FP Canada Inc.

Dated: May 8, 2023